# Lewis *v.* State.

(Division A.    Oct. 7, 1935.)

[163 So. 387.    No. 31841.]

Carey Stovall and Hugh Hopper, both of Corinth, for appellant.

**W. D. Conn, Jr.,** assistant attorney-general, for the state.

Argued orally by **Cary Stovall**, for appellant, and by **W. D. Conn., Jr.**, for the state.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a conviction of murder, followed by a sentence to the penitentiary for life.

The assignments of error that we deem necessary to here discuss are that the court below erred: (1) In permitting the state to peremptorily challenge a juror after he had been accepted by both the state and the appellant; (2) in not permitting the appellant to introduce evidence of an exculpatory statement made by him to a police officer by whom the state proved a confession or admission of the appellant that he had killed the decedent; and (3) that the verdict rendered by the jury was so vague and uncertain that it should not have been received, but the jury should have been directed to clear it up.

While the jury was being impaneled and before its completion, but after a juror by the name of Thrasher had been accepted by both the state and the appellant,

the state requested the court to permit it to challenge Tom Thrasher peremptorily, on the ground that his son was assisting the appellant in the selection of the jury. This request was sustained over the appellant's objection, and the juror was peremptorily challenged by the state. No evidence was heard on this request before it was granted. Evidence as to the alleged activity of the juror was introduced in another connection, which evidence discloses a sufficient reason for the peremptory challenge; but, as it was not before the court when the challenge was allowed, it will not be here considered, though we do not mean to intimate that it could not be considered.

■ We will assume that the court erred in permitting this juror to be peremptorily challenged. Stewart v. State, 50 Miss. 587; Burrage v. State, 101 Miss. 598, 58 So. 217; but it does not necessarily follow therefrom that the judgment should be reversed. This court has announced in numerous decisions that before it will reverse a judgment it must appear from the record (1) that the trial court erred in making a ruling complained of, and (2) that the appellant was materially prejudiced thereby. While it may not have been necessary so to do, this rule is set forth in paragraph 11 of the rules of this court. It does not here appear that the appellant was compelled by this ruling of the court to exhaust his peremptory challenges or that he was in any other way prejudiced thereby. This assignment of error is, therefore, without merit.

The evidence for the state disclosed a felonious homicide, but no witness other than the appellant saw what there occurred or identified the appellant as the one who killed the deceased. The state introduced a deputy sheriff, who said that shortly after the deceased was shot he and others went to the residence of the appellant, and found him up making a cup of coffee. The deputy told the appellant that "he was under arrest for shooting old

man Latta (the deceased)," and he replied, "You have got the right one—I was the one who did the shooting." The appellant made no further statement at that time. On the cross-examination of this witness, not in the presence of the jury, it developed that after the appellant had said that he killed the deceased, he asked permission to, and did, drink a cup of coffee, and then walked with the deputy sheriff and his companions about one block, where they entered an automobile and drove to the jail. After going about two blocks, either the deputy sheriff, or one of his companions asked the appellant "how come you to kill that man," and he replied, "He was hitting me over the head, and I had to do it." This exculpatory statement was not permitted to go to the jury.

The appellant testified in his own behalf and admitted killing the deceased, but said that he was compelled to do so for the reason that the deceased was hitting him over the head with a stick, the size of which does not appear. A stick was exhibited to the jury which, if they believed the appellant, they could have found was the stick referred to by him.

The appellant says that the exculpatory statement made by him to the deputy sheriff was a continuation of and practically contemporaneous with, and part of, his statement that he had killed the deceased; and he invokes the rule that all of the confession or admission must be admitted in evidence, including the exculpatory parts thereof, when the confession or admission is introduced. This case does not come within that rule. The conversation in which the admission was made had ended. There was nothing then said by any person to indicate that it would be continued, and the exculpatory statement afterwards made was no part thereof, and constitutes a mere self-serving declaration. No error was committed in excluding it.

The jury were instructed that in the event they should

find the defendant guilty as charged, they should return one of the following verdicts:

"1st. 'We, the jury find the defendant guilty as charged,' in which event it will be the duty of the court to sentence the defendant to be hanged, or,

"2nd. 'We, the jury, find the defendant guilty as charged, but fail to agree as to the punishment,' in which event it will be the duty of the court to sentence the defendant to life imprisonment in the state penitentiary, or,

"3rd. 'We, the jury, find the defendant guilty as charged, and fix his punishment at life imprisonment in the state penitentiary,' in which event it will be the duty of the court to so sentence the defendant."

The judgment after the necessary preliminary recitals, including the retirement of the jury to consider their verdict, continues: "Said jury . . . returned into open court the following: 'We, the jury, find the defendant guilty as charged, but fail to agree as to the punishment, and beg the mercy of the court on account of defendant's age.' Said jury was then and there polled by the court, and each juror said that was his verdict." The record does not disclose any request by the appellant that the jury be instructed to retire to further consider and clear up this verdict. The court, therefore committed no error in sentencing the appellant to penitentiary thereon. Jenkins v. State, 148 Miss. 702, 114 So. 883; Bridges v. State, 154 Miss. 489, 122 So. 533.

Affirmed.