OWENS *v.* CONLEE.

June 8, 1953

No. 38828 34 Adv. S. 147 65 So. 2d 435

*Donald Franks,* Booneville, for appellant.

*Cunningham & Cunningham,* Booneville, for appellee.

LEE, J.

Jack Owens appeals from a verdict and judgment for $2,500.00 for personal injuries, rendered by the circuit court, in behalf of E. G. Conlee, Jr.

The injury was the aftermath of a collision on June 8, 1949 between two gravel trucks then approaching each other and being operated by Conlee and Relman Swinney, appellant's agent. The occurrence was near Gordo, Alabama. Conlee's truck, loaded with seven tons of gravel, was being driven north down a slight descent toward and along a slight curve. Swinney's truck was being driven south, and was, therefore, ascending the hill. Conlee, as he passed over the crest, saw the approaching truck cross a bridge. The distance between them at that time was about 300 yards. The testimony from there on was sharply conflicting and irreconcilable.

Conlee testified that his speed was about 25 miles an hour. After crossing the bridge, Swinney pulled his truck to the left side of the road, and was driving about 45 miles an hour. Conlee expected the truck to turn to

its proper side. In the meantime, he cut as far as he could to the right, and made a partial application of the brakes. Finally, when he saw that a head-on collision was imminent, he turned to the left, but too late to avoid a collision. A witness, in a truck about 200 yards behind, corroborated Conlee's version. Another witness, who reached the scene immediately after the occurrence, testified that the collision occurred on the east side of the road and that the rear wheels of Conlee's truck were on the shoulder, next to the ditch, and had cut tracks two or three inches deep. Two other witnesses by their testimony that the gravel and the bed of Conlee's truck were in the ditch on the east side, also gave corroboration to the plaintiff's version. Swinney denied, but two witnesses, in rebuttal, testified, that shortly after the wreck, he said twice, "if it hadn't been for me, it (the wreck) wouldn't have happened."

As against the plaintiff's version, Swinney testified that he was on his proper side of the road, and that Conlee was on the wrong side and caused the collision. A witness, who claimed that he was only a short distance away, gave corroboration of Swinney's version. Two other witnesses, who testified that the wreck occurred on the west side of the road, admitted that the gravel and the bed from Conlee's truck were in the ditch on the east side.

Thus, the two sharply disputed issues, namely, (1) whether appellant's agent was guilty of negligence which proximately caused the collision, and (2) whether appellee was guilty of any negligence, which proximately contributed thereto, were properly submitted to the jury. In each instance, the issues were resolved in favor of the plaintiff and against the defendant.

██ ██ Under the law of Alabama, contributory negligence is a complete bar to recovery in this kind of case. Pollard v. Rogers, 173 So. 881; Louisville & Nashville Railroad Co. v. Richards, 14 So. 2d 561. This principle was

fully set out and invoked in the instructions which were given by the court. Such instructions specifically raised the question as to whether or not, under the attendant circumstances, Conlee's conduct immediately before the collision and his act in turning to the left constituted negligence. The jury, by its verdict, answered in the negative, and thereby said that he acted as a reasonably prudent driver.

Appellant also contends that the court erred in permitting the plaintiff to amend his declaration so as to change "to" to "toward," wherein it was alleged that, in order to avoid impending danger, he "swerved his truck to his lefthand side of the road." It was contended that this was a material variance between the allegations and the proof, and resulted in unjustly denying appellant the use of a member of the Alabama highway patrol as a witness.

Section 1511, Code of 1942, provides for amendments; and it is the policy of our law to be liberal in the allowance of such. Section 1512, Code of 1942, deals with variances, and gives to the trial court full power to avoid injustice.

*To* and *toward* are often used interchangeably. Hence the amendment was not material. Besides the patrolman was not an eyewitness, and had simply made an investigation following the wreck. Since appellant produced several witnesses who testified in detail concerning the physical facts, after the collision, the evidence of the patrolman would have been merely cumulative; and his absence did not warrant a continuance of the cause.

We find no reversible error in the record. It therefore follows that the cause ought to be, and is affirmed.

Affirmed.

*McGehee, C. J.,* and *Kyle, Arrington,* and *Ethridge, JJ.,* concur.