CARRUTH v. GRIFFIS.

April 5, 1954

No. 39164          59 Adv. S. 11          71 So. 2d 478

*J. M. Forman,* Indianola, for appellant.

*B. D. Statham,* Magnolia, for appellee.

Lee, J.

F. E. Carruth filed suit in the county court against W. P. Griffis to recover property damages on account of the collision between his and Griffis' automobiles. There was a verdict for the defendant. On appeal to the circuit court, there was an affirmance; and Carruth appeals here.

The appellant makes three contentions, namely, (1) the verdict was contrary to the great weight of the evidence; (2) three defense instructions were erroneous;

and (3) the court erred in admitting in evidence a map made by officer Errington.

It was the plaintiff's version that he, in a Kaiser automobile, was traveling north on Highway 51 in the City of McComb. He drove at a speed of ten to twelve miles an hour, on his righthand side of the road, in negotiating a right-angle curve. When he straightened out, after making the curve, a Buick automobile, coming from the opposite direction, driven by a boy, without any signal, suddenly cut in front of him. As a result, his Kaiser, without any fault on his part, struck the Buick, and he sustained the consequent property damage to his automobile. A guest in his car gave corroboration.

It was the defendant's version that the Kaiser came around the curve in question on the left or wrong side of the road, in the Buick's lane, and that the driver, Ross Neblett, Jr., seventeen years of age, out of instinct or to avoid a head-on collision, cut to his left, and the Kaiser ran into him. This version was corroborated by Eugene Parnell, who was working at a nearby filling station.

At the time of the collision, the Buick was to the left of the center line, and the Kaiser was entirely on that side, except perhaps a small portion of the rear end.

The sharply disputed issue of fact was, therefore, for the jury, and the verdict was not against the great weight of the evidence.

In these circumstances, the defendant obtained his Instruction No. 3, being one of those complained about, and as follows:

"The Court instructs the jury for the defendant that it was incumbent on both drivers to have operated their cars at such a rate of speed and under such control that each could bring their cars to an immediate stop in an emergency and the Court instructs the jury that it is your sworn duty to return a verdict for the defendant if from the evidence you believe both parties were equally negligent in the operation of the cars, which negligence

equally contributed to the proximate cause of the collision.''

In Wilburn v. Gordon, 209 Miss. 27, 45 So. 2d 844, the Court had under review an instruction of like effect, in the following language: ''The Court instructs the jury for the defendant that if you believe from the evidence that plaintiff and defendant were equally negligent, then it is your duty to find for the defendant.''

In condemning that instruction, the Court said: ''The defendant would not be absolved from liability altogether, if both were negligent equally, but plaintiff's damages would be reduced by fifty per cent. Section 1454, Code of 1942. The instruction should not have been given. Reynolds-West Lumber Company v. Kellum, 5 Cir. 19 F. 2d 72; Gulf M. & N. R. Company v. Arrington, (Miss.), 107 So. 378; Cumberland Telephone & Telegraph Company v. Cosnahan, et al., 105 Miss. 615, 62 So. 824.''

██ Manifestly the instruction was in violation of our comparative negligence statute, Section 1454, Code of 1942, and constituted reversible error.

By his instructions Nos. 2 and 4, the defendant was evidently attempting to announce the principle that if the plaintiff was negligently driving his car on the wrong side of the road, and the defendant on that account was faced with an emergency, and that the defendant, in turning to the left, acted as a reasonably prudent person would have done under the circumstances, then even though the collision occurred on his wrong side of the road, that fact would not make him negligent, or be sufficient of itself to warrant a verdict for the plaintiff. Compare Owens v. Conlee, ....... Miss. ........, 65 So. 2d 435. The instructions were somewhat ineptly drawn, but it is presumed that on another trial, their meaning will be made clear and certain.

██ It was error to admit officer Errington's map. He testified that he observed no tracks or marks of the Kaiser on the pavement when he made his examination

shortly after the wreck. Yet, he prepared the map and indicated the course whereby the Kaiser was shown to have turned the curve on the wrong side of the road and was still partly on the wrong side at the time of the collision. Hence, although he was not present when the wreck occurred, by the map he was testifying that the Kaiser was driving on the wrong side of the road as it turned the curve and approached the point at which the collision of the two automobiles occurred.

For the errors indicated, it follows that the cause must be, and is, reversed and remanded.

Reversed and remanded.

*Roberds, P. J.,* and *Hall, Kyle* and *Gillespie, JJ.,* concur.