## JONES *v.* STATE.

No. 39370 December 6, 1954 76 So. 2d 201

*J. M. Travis*, Heidelberg, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

HALL, J.

Appellant was convicted of the murder of Will Roy Carter and, on the verdict of the jury, was sentenced to the penitentiary for life, from which he appeals.

The killing occurred on a Saturday night at the dwelling house of Annie Sanders about two miles east of Heidelberg and near Highway No. 11. On the same premises where the killing occurred and about 45 feet from her dwelling house Annie operated a cafe wherein there was a music machine and floor space for dancing. The appellant went to this cafe before midnight and was there when Will Roy Carter came in in company with Albert Robinson and two women. They played the music machine and danced and after a while the appellant and Will Roy Carter had a scuffle and appellant threw Will Roy to the floor. Annie came out of the kitchen and separated them. In a few minutes they had another scuffle in which Will Roy threw appellant to the floor and Annie again separated them and told the appellant to leave. Just prior to this Albert Robinson took the two women in his car and left. Appellant went to the home of his wife's grandfather, about one-fourth of a mile away, and obtained a 12-gauge pump gun with six shells after which he returned to the cafe. Will Roy Carter had gone out of the cafe toward Annie's home and as he was going up the steps appellant shot him twice in the back, one shot taking effect in the center of the back of his head and neck and the other taking effect on the side of the neck to the rear. Appellant claims self-defense. The officers found four empty shotgun shells within a radius of 18 inches of each other at a distance of 32 feet from the steps and appellant himself admitted, while claiming self-defense, that he was about 30 feet from Will Roy Carter when the shooting occurred. Carter was unarmed but a search

of his body disclosed a knife in his pocket which had not been opened.

After the shooting appellant carried the shotgun back to the place where he had obtained it and then returned to the cafe. In the meantime a constable had been called who came shortly and he testified that appellant admitted doing the shooting but said that he did it in self-defense. This constable was asked whether on the way to the jail the appellant kept maintaining that the shooting was in self-defense and this evidence was excluded on objection by the State, which action is the basis of one of the assignments of error. The appellant got the benefit of his first statement to the constable that he killed the deceased but did it in self-defense. We do not think there was any error in excluding the other statements as to self-defense which occurred after appellant had left the scene in the custody of the officer. Fortner v. State, 56 So. 2d 17, not reported in the State Reports, and Lewis v. State, 173 Miss. 821, 163 So. 387, hold that such statements were self-serving and not admissible.

Appellant objected to the introduction of the shotgun shells found on the premises by the officer on the ground that the officer had no search warrant for the premises. The objection would have been well taken if appellant had been in possession of the premises, but he is in no position to complain here because Annie Sanders and her family were the only ones who could have taken advantage of a search of the premises without a warrant therefor. Brooks v. State, 52 So. 2d 609, not reported in the State Reports. McLemore v. State, 178 Miss. 525, 172 So. 139.

The evidence disclosed that in addition to the two shots which took effect in the body of the deceased he also fired a shot into the home of Annie Sanders and another into the cafe and also that he shot and killed a hog to the rear of the building and in addition fired one other shot. All of these six shots were in rapid succes-

sion. But appellant contends that testimony as to all the shots except those which struck the deceased was incompetent because it showed the commission of some crime other than murder. We do not agree with that position. In the case of Stone v. State, 210 Miss. 218, 49 So. 2d 263, we said, after citing and reviewing numerous authorities, ''In the case at bar there was no prejudicial error in admitting that part of the statement where appellant admitted the larceny of the pistol for it not only identified the instrument with which deceased was slain but it further presented to the jury for their consideration the fact that appellant deliberately armed himself with a deadly weapon which fact has a bearing on his motive and premeditated design to effect the death of deceased.'' In the Stone case we quoted as follows from Collier v. State, 106 Miss. 613, 64 So. 373: ''Upon the trial of an indictment, a previous crime committed by defendant can be provided only: (a) Where it is connected with the one charged in the indictment, and sheds light upon the motive of defendant; or (b) where it forms a part of a chain of facts so intimately connected that the whole must be heard in order to interpret its several parts; * * * ''

As we have pointed out, the six shots were fired in rapid succession and were so intimately connected with the whole act that it would be difficult to separate them. Moreover, the fact that the appellant was shooting into the houses and killed a hog on the same occasion and within a few seconds of each other was admissible to show malice on the part of the appellant. It discloses that he was on a wild shooting spree with little regard as to the consequences.

■■■ Appellant further complains that the trial court should have sustained his motion for a mistrial at the conclusion of the cross-examination to which appellant was subjected by the district attorney. The fact is that appellant was subjected to a vigorous cross-examination but we find nothing abusive or prejudicial in any of the

questions which were propounded to him. He made a full and complete written confession under oath on the day following the killing and admitted his guilt freely and voluntarily. He testified that the statement was free and voluntary, that no threats were made against him and no promises of reward held out to him in order to induce him to make the confession. He further testified that all the officers were nice to him and, yet, on the witness stand he undertook to repudiate the confession on the sole ground that because they were officers he was afraid, though at the same time admitting that none of them had put him in fear in connection with the confession. When a witness voluntarily takes the stand and testifies, he is subject to cross-examination and so long as there is no abuse of the privilege of cross-examination and no prejudice results therefrom except such prejudice as might arise from disclosing the truth, the severity of the cross-examination is no ground for a reversal.

 Appellant, while the jury was being selected, made a motion to be permitted to confer with the State's witnesses and to see the confession which he had signed. The trial court permitted him to confer with all the State's witnesses as soon as selection of the jury was completed and, when the State offered the confession in evidence, it was first tendered to counsel for appellant. Moreover, the confession was not admitted until the court first made a preliminary inquiry into its admissibility. Under Section 1659, Code of 1942, appellant was probably entitled to have his motion for production of the confession sustained, but according to the record here, the written statement was tendered to counsel for appellant before it was offered and apparently in a relatively short time after the beginning of the trial, and he was in no manner prejudiced by the course which was taken by the lower court.

 Appellant finally contends that he was entitled to an instruction to the effect that the jury could con-

vict him of manslaughter. In this case the appellant was guilty of a brutal murder and offered no excuse and no reasonable justification for it. He is fortunate, indeed, that the jury did not inflict the death sentence upon him. What we said in Newell v. State, 209 Miss, 653, 667, 48 So. 2d 332, is particularly applicable here. See also Adams v. State, 175 Miss. 868, 874, 167 So. 59, 60, as well as numerous other authorities cited in the Newell case.

Finding no error, the judgment of the lower court is affirmed.

Affirmed.

*Roberds, P. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.