SANDERS *v.* STATE.

No. 41295      October 26, 1959      115 So. 2d 145

*Prewitt & Bullard,* Vicksburg, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Appellant, Willie Sanders, was convicted in the Circuit Court of Warren County of manslaughter, for the killing of Jimmie Lee Carter, and was sentenced to serve ten years in the penitentiary. There were several witnesses for the State who saw Sanders shoot him, and

the conviction was amply supported by the evidence. The principal defense was insanity, which was submitted to the jury. However, we have concluded that the case must be reversed and remanded, because of an erroneous denial by the trial court of defendant's motion that the State produce a tape recording of defendant's confession.

Sheriff P. T. Hullum testified as a witness for the State. In the absence of the jury, on preliminary examination, Hullum said he was present with the district attorney and county attorney at a "conference" they had with defendant either on the day of the killing or the following day. He stated on that occasion Sanders confessed that he had shot and killed Carter. The sheriff made no written notes of the confession, but he said he remembered the details of it well, although he conceded that he could not remember every item. The county attorney made a transcription of this conference with defendant, at which he allegedly gave a confession, on a recording machine, apparently a tape recording. This transcription was made for the investigative purposes of the county attorney. Defendant's counsel then moved the court to require the State to produce the recording of the defendant's confession, in order that defendant might use it in cross-examination of the sheriff, and possibly as evidence. The circuit court overruled that motion. Thereafter the jury returned to the courtroom, and the sheriff testified concerning his recollection of defendant's oral confession, given at the recorded interview.

There was no error in admitting into evidence the testimony of the sheriff with reference to defendant's oral confession. The evidence showed it was free and voluntary. Oral testimony showing the circumstances of an extrajudicial confession, as well as a signed written confession, is admissible as primary evidence. Tyler v. State, 159 Miss. 223, 131 So. 417 (1930).

On the other hand, a transcription or tape recording was made of the entire conference or interview with defendant during which he made his confession. When properly authenticated, a tape recording of an accused's confession is admissible in evidence. Ray v. State, 213 Miss. 650, 654-657, 57 So. 2d 469 (1952). The State's evidence as to the confession was offered through the testimony of the sheriff, who narrated it to the jury in accordance with his best recollection. However, the sheriff, although stating that he remembered the defendant's confession, conceded that he could not remember *verbatim* every detail. The defense was entitled to inspect and to hear the recording, in order to decide whether to use it in his defense, on cross-examination and as direct evidence. The pertinent rule is stated in 2 Wharton's Criminal Evidence (12th Ed., 1955) Sec. 361: "In the proof of confessions, the whole of what the accused said on the subject at the time of making the confession should be taken together. The prosecution is entitled to show the whole statement, or if any part is omitted, the accused is entitled to supply it. It is also well settled that if a confession is made under such circumstances as to authorize its admission in evidence, the accused is entitled to have the entire conversation, including any exculpatory or self-serving declarations connected therewith, also admitted. However, it is for the jury to say what weight shall be given to the several parts of the statement, as they may believe that part which charges the prisoner and reject that which tends to exculpate him."

In other words, the accused is entitled to examine and put in evidence all that was said to and by him at the time which bears upon the subject of the controversy, including any exculpatory or self-serving declarations connected with it. 20 Am. Jur., Evidence, Sec. 488. Where the State introduces a part only, the accused is entitled to prove the remainder or any part

thereof which is explanatory of, or connected with, the part offered by the State. 22 C. J. S., Criminal Law, Sec. 820; Bishop v. State, 96 Miss. 846, 52 So. 21 (1910); Coon v. State, 13 Smedes and Marshall 246, 250 (Miss. 1849); McCann v. State, 13 Smedes and Marshall 471, 498-499 (Miss. 1850); Jones v. State, 222 Miss. 387, 395, 76 So. 2d 201 (1954). ▆▆ Hence it was error for the trial court to overrule appellant's motion for production of the tape recording, and for that error the conviction must be reversed. Of course a recorded statement may contain considerable material which is not relevant or material on the issue of the confession or, as here, of insanity. The trial judge has ample power in his sound discretion to limit the introduction into evidence of those portions of the recording which are relevant and material.

Since this decision is based upon an established rule of evidence pertaining to confessions, it is not necessary for us to consider the pertinency of Miss. Code 1942, Sec. 1659, dealing with the production of documents, "objects, or tangible things." See Jones v. State, *supra;* Eaton v. State, 163 Miss. 130, 140 So. 729 (1932); Seals v. State, 208 Miss. 236, 251, 44 So. 2d 67 (1950). And we are not concerned here with a motion for production of statements by witnesses for the State, which was involved in Bellew v. State, 106 So. 2d 146 (Miss. 1958).

Reversed and remanded.

*McGehee, C. J.,* and *Kyle, Arrington,* and *Gillespie, JJ.,* concur.