PATTERSON, Justice:
This is an appeal by the plaintiff below from an adverse judgment in the Circuit Court of Rankin County. The case, which arose from an automobile collision, involves two trials. The first resulted in a joint and several judgment for the plaintiff in the sum of $9,000 against one Jessie Wynn and the appellee. The appellee filed a motion for a new trial which was sustained by the circuit court. Wynn did not move for a new trial and the judgment became final as to him.
On retrial against the appellee, she being the sole defendant, the jury returned a verdict for the defendant. The plaintiff appeals, assigning as error, among other things, the following:
1. The court below erred in hearing in vacation the motion to set aside the judgment of the first trial.
*646 2. The court erred in granting the ap-pellee a new trial.
3. The court erred in the present trial in failing to hold that the verdict of the jury was against the overwhelming weight of the evidence.
At the time of the automobile accident the appellant was fifteen years of age, active and in good health. He was injured while riding as a guest passenger in an automobile with his sister, Mrs. Nora H. Boykin, and her husband. As a result of the collision the appellant suffered severe lacerations to his face and head and the loss of use of his right eye. Medical expenses alone for the minor were in excess of $1,400.
The accident occurred on December 5, 1964, on Highway 18 approximately three miles south of Brandon in Rankin County. The vehicle in which the appellant was riding was driven by Mrs. Boykin, the ap-pellee. It was proceeding in a northerly direction in her lane of traffic within the speed limit when it met a vehicle being operated by Wynn which was traveling in a southerly direction. The two vehicles collided in the north lane of traffic when Wynn turned east from his lane of traffic in an effort to enter a roadway leading from the highway to his home.
As mentioned, there were two trials. Our first consideration is directed to appellant’s first contention that the lower court erred in setting aside the first judgment. His argument is that the trial court was without authority to hear the motion for a new trial in vacation as the appellant did not consent thereto, and in the absence of consent the court acted without authority in setting aside the judgment. Mississippi Code 1942 Annotated section 1523 (1956) provides as follows:
A judge of any circuit court may deliver opinions and render, make and sign judgments in vacation, as in term-time, in cases taken under advisement by him at a term of the court; and by consent of the parties, or of their attorneys of record, he may try cases in vacation, as in term-time, and make and enter judgments therein in vacation. * * * (Emphasis added.)
The court’s order which was entered in term time, is in part as follows:
This day this cause came on for hearing upon motion of Mrs. Nora H. Boykin, Defendant, for a judgment notwithstanding the verdict of the jury, or, in the alternative for a new trial and the Court having considered same, finds that the matter should be taken under advisement and set for hearing in vacation.
The appellant in his brief depicts the abovequoted Code section as being a continuous clause, not broken by a semicolon. He then argues, by overlooking the semi-colon, that the clause granting the court authority to try cases in vacation by consent of the parties also relates to the foregoing portion of the section which grants the court the authority to deliver opinions and render, make and sign judgments in vacation on cases taken under advisement by him. The two clauses in the section are separable; they are separated by semi-colon; they relate to two different conditions. Consent of the parties is necessary, by the terms of the statute, to authorize the circuit court to try a case in vacation, but consent of the parties is not necessary to authorize the court to enter an order in vacation on a cause taken under advisement during the regular term. We are of the opinion that this assignment of error is not well taken and that the court had authority to enter an order in vacation sustaining the motion of the appellee for a new trial.
The next assignment of error is whether the court erred in granting the new trial. In this conjunction the attorneys for the appellant, during the course of the first trial, introduced into evidence an accident report made by a highway patrolman. This report includes a drawing of the scene *647 of the accident which depicts the vehicles with arrows indicating their positions prior to and after the accident though the patrolman did not witness the accident. Timely objection was made to the accident report being admitted into evidence which was overruled by the court. The introduction of this report was error as it could be nothing more than a conclusion on the part of the patrolman. This type of evidence has been held to be erroneous in Schumpert v. Watson, 241 Miss. 199, 129 So.2d 627 (1961); Carruth v. Griffis, 220 Miss. 541, 71 So.2d 478 (1954); Delta Chevrolet Company v. Waid, 211 Miss. 256, 51 So.2d 443 (1951); and Standard Oil Company v. Crane, 199 Miss. 69, 23 So.2d 297 (1945). The trial judge, on motion for new trial, was warranted in concluding that the court had erred in admitting the report into evidence. This alone was sufficient to sustain the motion for a new trial. Therefore, no good purpose would be served by reviewing the instructions complained of by the appel-lee which were granted the appellant during the first trial.
 The next assignment of error is that the verdict of the jury in the second trial was against the overwhelming weight of the evidence and that the court erred in not granting the appellant a new trial. We have considered in detail the entirety of the record. The issues raised and evidence introduced presented to the jury a question of fact for its determination. The jury resolved the factual situation in the defendant’s favor. It is our opinion that the great weight of the testimony supports the jury’s verdict rather than being contrary to its finding. No citation of authority is necessary in support of this Court’s often-repeated decisions to the effect that the jury is the trier of fact and that its verdict will not be disturbed unless against the overwhelming weight of the evidence.
We find no error in the record and the cause will be affirmed.
Affirmed.
ETHRIDGE, C. J., and JONES, INZER, and ROBERTSON, JJ., concur.