342 So.2d 735 (1977)
Larry JONES
v.
STATE of Mississippi.
No. 49494.
Supreme Court of Mississippi.
February 9, 1977.
Charles E. Morris, Jr., Kelly McKoin, Biloxi, for appellant.
A.F. Summer, Atty. Gen. by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
Before INZER, SUGG and LEE, JJ.
SUGG, Justice, for the Court:
Larry Jones was convicted of capital murder and sentenced to death by the Circuit Court of the Second Judicial District of Harrison County. We reverse for retrial in accordance with our opinion in Jackson v. State, 337 So.2d 1242 (Miss. 1976). However, other contentions of defendant are discussed because the case is to be tried again.
Defendant contends that the lower court erred by admitting into evidence *736 state's exhibit No. 7 which was a large map of downtown Biloxi, including the area around the store where the murder occurred. The basis of this contention is that red and black arrows were drawn on the map which tend to indicate the path of the defendant from an automobile parked several blocks away from the scene of the crime. The testimony established that the defendant, along with J.D. Reddix and Willie Reddix, drove into a parking area adjacent to Jackson Street and the defendant and Willie Reddix exited the car and walked in a westerly direction. Defendant and Willie Reddix returned to the car in about fifteen minutes. This is a circumstantial evidence case and there is no direct testimony showing the route that defendant followed from the car to the scene of the crime and his return route to the car. We held in Hall v. Boykin, 207 So.2d 645 (Miss. 1968), that error was committed in admitting a drawing made by a highway patrolman with arrows depicting the position of two vehicles before and after a collision because the patrolman did not witness the accident. We stated that the accident report which contained the drawing was no more than a conclusion of the patrolman. In accord with Hall is Carruth v. Griffis, 220 Miss. 541, 71 So.2d 478 (1954), where we held that it was error for the trial court to admit a map drawn by an officer indicating the path two automobiles were traveling immediately before and after an accident when the officer was not present at the accident and did not witness the paths of the cars before the accident.
The general rule concerning markings on exhibits appears in 29 Am.Jur.2d Evidence § 784 at 854 (1967):
Properly verified or authenticated maps, plats, diagrams, casts, drawings, photographs, and X-ray pictures are not rendered inadmissible in evidence because of marks, memoranda, legends, or other extraneous matter thereon, where the individual who made the marks or writings, or another witness familiar with the facts, explains them or testifies as to their correctness. When objectionable marks or writings are excluded, expunged, or erased, the instrument becomes properly admissible. But it is clear that where the person who made the marks or notations did so, not from his own personal knowledge, but from what he heard from others, or if the one who made the marks or notations is not produced as a witness, the map, diagram, or drawing containing such marks or notations is inadmissible in evidence.
It was error to admit a map with the red and black arrows. The map may be admitted on retrial if the arrows are eliminated.
Defendant also contends that it was error to admit certain exhibits in evidence which had been used in the trial of Willie Reddix who was convicted and sentenced to death one week earlier. Under the facts in this case the error complained of did not constitute reversible error, but on retrial the markings indicating that the exhibits had been used in another trial should be deleted before the exhibits are offered as evidence.
Defendant also argues that the lower court erred by refusing to admit in evidence a statement he gave police. The crime with which defendant was charged was committed on December 2, 1974. On December 9, 1974 defendant made a statement to the police concerning the events surrounding the crime. His statement was wholly exculpatory and was not used in whole or in part by the state in its case. His statement was a self-serving declaration and was inadmissible under Cone v. State, 271 So.2d 453 (Miss. 1973). In support of his argument on this assignment of error defendant relies on Sanders v. State, 237 Miss. 772, 115 So.2d 145 (1959). In Sanders we held:
The pertinent rule is stated in 2 Wharton's Criminal Evidence (12th Ed., 1955) Sec. 361: `In the proof of confessions, the whole of what the accused said on the subject at the time of making the confession should be taken together. The prosecution is entitled to show the whole statement, or if any part is omitted, the accused is entitled to supply it. It is also *737 well settled that if a confession is made under such circumstances as to authorize its admission in evidence, the accused is entitled to have the entire conversation including any exculpatory or self-serving declarations connected therewith, also admitted. However, it is for the jury to say what weight shall be given to the several parts of the statement, as they may believe that part which charges the prisoner and reject that which tends to exculpate him.' (237 Miss. at 776, 115 So.2d at 146-7). (Emphasis supplied).

Where the State introduces a part only, the accused is entitled to prove the remainder or any part thereof which is explanatory of, or connected with, the part offered by the State. 22 C.J.S. Criminal Law § 820; Bishop v. State, 1910, 96 Miss. 846, 52 So. 21; Coon v. State, 1849, 13 Smedes & M. 246, 250; McCann v. State, 1850, 13 Smedes & M. 471, 498-499; Jones v. State, 1954, 222 Miss. 387, 395, 76 So.2d 201. Hence it was error for the trial court to overrule appellant's motion for production of the tape recording, and for that error the conviction must be reversed. Of course a recorded statement may contain considerable material which is not relevant or material on the issue of the confession or, as here, of insanity. The trial judge has ample power in his sound discretion to limit the introduction into evidence of those portions of the recording which are relevant and material. (237 Miss. 776-777, 115 So.2d at 147). (Emphasis supplied).
The defendant is not entitled to protection under Sanders because the state made no effort to introduce the statement in question and did not offer any evidence that defendant had made any statement or admission. It is the general rule, almost unanimously followed, that where the state introduces evidence of statements made by the defendant immediately after a crime, defendant is entitled to bring out the whole of his statement. In the absence of the state using the evidence in the record, the defendant cannot introduce any part on his behalf. Collins v. State, 148 Miss. 250, 114 So. 480 (1927); Davis v. State, 230 Miss. 183, 92 So.2d 359 (1957).
Defendant complains that a "hanging jury" was empaneled to try his case. There is insufficient evidence in the record to show that the jury was not properly selected in accordance with the principles enunciated by the United States Supreme Court. On retrial, if defendant is tried on a capital charge, the trial court will follow Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). See also Boulden v. Holman, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433 (1969); and Mathis v. New Jersey, 403 U.S. 946, 91 S.Ct. 2277, 29 L.Ed.2d 855 (1971).
REVERSED AND REMANDED FOR A NEW TRIAL.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, WALKER, BROOM and LEE, JJ., concur.