# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-KA-00464-SCT

*MARSHALL GRAVES a/k/a MARSHALL P. GRAVES a/k/a MARSHALL PHELLIX GRAVES*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/07/2014 |
| TRIAL JUDGE: | HON. PRENTISS GREENE HARRELL |
| TRIAL COURT ATTORNEYS: | ROBERT WHITACRE |
| | SHIRLEE FAGER BALDWIN |
| | KIM HARLIN |
| | LAUREN HARLESS |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF THE STATE PUBLIC DEFENDER |
| | BY: W. DANIEL HINCHCLIFF |
| | MARSHALL P. GRAVES (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LADONNA C. HOLLAND |
| DISTRICT ATTORNEY: | HALDON J. KITTRELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 10/29/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., LAMAR AND KITCHENS, JJ.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Marshall Graves was convicted of fondling (two counts) and sexual battery (one count) and was sentenced to terms of fifteen years for each count of fondling and life as to one count of sexual battery, all to be served concurrently. Graves's appellate counsel filed a brief in compliance with ***Lindsey v. State***, 939 So. 2d 743 (Miss. 2005), certifying to this

Court that the record presented no arguable issues for appeal. Graves has filed a *pro se* brief, asserting numerous errors.

¶2.     After a thorough review of Graves's *pro se* brief and the record, this Court finds that Graves's appeal presents no arguable issues, and no supplemental briefing is necessary. Therefore, we affirm Graves's convictions and sentences.

### STATEMENT OF FACTS AND PROCEEDINGS BELOW

¶3.     Ten year old G.W. lived with her parents and younger brother in The Reserve Apartments in Hattiesburg. During the summer of 2010, Mr. W. invited his friend Marshall Graves to stay with them because Graves was "down on his luck." One evening Mr. and Mrs. W. went to dinner for their anniversary, and Graves agreed to watch G.W. and her younger brother. After her parents left, G.W. and her brother were playing video games in the living room when Graves called G.W. into her parents' bedroom. G.W. testified that:

> Marshall was playing on the computer in my mom and dad's bedroom. He called me into the bedroom, and I walked in there and stood by the door. He told me come here, so I walked closer. And he told me that I was smart and I was beautiful and he loved me and he wanted to show me how much he loved me. . . . And he gave me a hug and started kissing me with his tongue in my mouth and started grabbing my butt and my boobs and then reached his hand down the front of my pants. . . . He told me that I couldn't tell anybody or he would get in trouble and he would tell on my daddy . . . [for] the bad things that he did. . . . I was shocked and scared.

G.W. testified that she did not tell her parents or her brother what had happened. Her brother testified that he did recall G.W. crying when she came back in the living room. G.W. testified that she tried to limit the time she spent around Marshall and started spending more time with her friends away from her home.

¶4.    G.W. testified that the second time Graves sexually assaulted her was approximately one week later. G.W. testified that, one night when she was in bed, Marshall came in her room and "started kissing me again on the lips with his tongue. And then he told me to get into some looser pajamas." G.W. testified that her brother was in the living room watching a movie, her father was sitting on the balcony, and her mother was asleep. G.W. testified that Graves then led her into her bathroom.

> He started kissing me again and touching me. He was grabbing my butt and my boobs and then pulled my pants down and laid me onto the ground and pulled my underwear down and unbuckled his pants and started rubbing my private part with his private part.

G.W. testified that Graves promised to give her money and a cell phone as long as she kept quiet. G.W. further testified that, when she was interviewed by Cheryl Caldwell, a Child Advocacy Center counselor, she informed Caldwell that Graves had rubbed her vagina with his hand and had inserted his finger inside her.

¶5.    The day after this second incident, G.W. told a friend of hers who lived in the same apartment complex that Graves was touching her in inappropriate ways. G.W.'s friend then told her mother, who contacted the authorities. G.W.'s parents were then contacted by the police and told of G.W.'s accusations against Graves.

¶6.    Graves ultimately was indicted for two counts of sexual battery[1] and two counts of fondling. After a two-day trial, a Lamar County jury found Graves guilty of two counts of

---

[1] Count 2 of the indictment, which was the second count of sexual battery, was *nolle prossed* (retired to the files) without prejudice. The indictment was amended and renumbered for trial purposes.

3

fondling and one count of sexual battery. Graves was sentenced as a habitual offender[2] to concurrent, fifteen-year sentences for the fondling convictions and a concurrent life sentence for the sexual-battery conviction. Graves timely filed his appeal.

**STATEMENT OF THE ISSUES**

¶7. Graves raises the following issues in his *pro se* brief, which have been restated for clarity:

I. Whether Graves's indictment was defective.

II. Whether Graves's counsel, Shirlee Baldwin, provided ineffective assistance.

III. Whether the trial court erred in allowing evidence of Graves's prior bad acts to be admitted at trial.

IV. Whether the trial court erred in allowing G.W.'s father to testify at trial.

V. Whether the trial court erred in allowing statements to be introduced at trial pursuant to the "tender years" exception.

VI. Whether the evidence presented was sufficient to sustain a conviction.

VII. Whether the various witnesses' statements were conflicting such that the jury's verdict should be called in to question.

VIII. Whether the verdict was against the overwhelming weight of the evidence.

IX. Whether Graves was denied a fair trial due to prosecutorial misconduct.

X. Whether the trial court abused its discretion in denying Graves's motion to sever the indictment.

---

[2] The trial court found that Graves previously had been convicted of commercial burglary and two counts of receiving stolen property, and he had been sentenced to serve five years for each count.

XI.     Whether the trial court abused its discretion in denying Graves's objection regarding the State's reference to a jury instruction during closing arguments.

XII.    Whether the cumulative errors warrant a reversal.

**ANALYSIS**

¶8.     In *Lindsey*, this Court adopted a procedure "to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal." *Lindsey*, 939 So. 2d at 748. Counsel is required to "file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-(4),(7)." *Id.* In the brief,

> counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

*Id.* Counsel is then required to forward a copy of the brief to the client, informing the client that counsel was unable to discover any arguable issues in the record, and advising the client that he or she has a right to file a *pro se* brief. *Id.* If the *pro se* brief raises any arguable issue or the appellate court discovers any arguable issue in its review of the record, then "the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal." *Id.*

5

¶9. In this case, Graves's appellate counsel has submitted a brief in compliance with *Lindsey*.[3] Graves filed a *pro se* brief arguing numerous issues. We have reviewed the record and find that there are no arguable issues for appeal. We further find that Graves's *pro se* brief raises no arguable issues and that no supplemental briefing is warranted. *See **Byrd v. State***, 158 So. 3d 1146, 1149-50 (Miss. 2015); ***Havard v. State***, 94 So. 3d 229, 235 (Miss. 2012) (finding no need for supplemental briefing when the *pro se* brief raised no arguable issues). This Court will briefly address the issues raised by Graves's *pro se* brief.

*I. Defective Indictment*

¶10. Graves alleges that his indictment was defective because the language was confusing and lacked specificity in the multiple counts. We find no error in the indictment. Graves was indicted for two counts of fondling pursuant to Section 97-5-23(1) of the Mississippi Code and two counts of sexual battery, one of which was later *nolle prossed*, pursuant to Section 97-3-95(1)(d).

¶11. An indictment is required to contain a "concise and clear statement of the elements of the crime charged." ***Mixon v. State***, 921 So. 2d 275, 280 (Miss. 2005) (quoting ***King v. State***, 580 So. 2d 1182, 1185 (Miss. 1991); ***Williams v. State***, 445 So. 2d 798, 804 (Miss. 1984)). Graves's amended indictment reads, in pertinent part:

**COMMON SCHEME OR PLAN**

This multi-count indictment is pursuant to Section 99-7-2 of the Mississippi Code of 1972, as amended in that the individual counts are part of a Common

---

[3] Appellate counsel is Daniel Hinchcliff from the Office of the State Public Defender; trial counsel were Robert Whitacre and Shirlee Baldwin.

6

Scheme or Plan, are similar or same acts, close in time and with the same primary witnesses.

## COUNT ONE

Between the dates of July 23, 2010 and July 26, 2010, in Lamar County, Mississippi, the defendant, Marshall Graves, being then and there a male person above the age of eighteen (18) years, to-wit: forty-five (45) years, with the defendant's date of birth being June 22, 1965, did willfully, unlawfully and feloniously and for the purpose of gratifying his lust or indulging his depraved licentious sexual desires, handle, touch or rub with his hand the breasts of G.W., a child under the age of sixteen (16) years, to-wit: ten (10) years of age, whose date of birth is September 21, 1999, contrary to and in violation of Section 97-5-23(1) of the Mississippi Code of 1972, as amended; against the peace and dignity of the State of Mississippi, and,

## COUNT THREE

Between the dates of July 30, 2010 and August 1, 2010, in Lamar County, Mississippi, the defendant, Marshall Graves, being then and there a male person above the age of eighteen (18) years, to-wit: forty-five (45) years, with the defendant's date of birth being June 22, 1965, did willfully, unlawfully and feloniously and for the purpose of gratifying his lust or indulging his depraved licentious sexual desires, handle, touch or rub with his penis the vagina of G.W., a child under the age of sixteen (16) years, to-wit: ten (10) years of age, whose date of birth is September 21, 1999, contrary to and in violation of Section 97-5-23(1) of the Mississippi Code of 1972, as amended; against the peace and dignity of the State of Mississippi, and,

## COUNT FOUR

Between the dates of July 30, 2010 and August 1, 2010, in Lamar County, Mississippi, the defendant, Marshall Graves, did willfully, unlawfully and feloniously engage in the sexual penetration of one G.W., by placing his finger into the vagina of G.W., a child under the age of fourteen (14) years, to-wit, ten (10) years of age, her date of birth being September 21, 1999, and who is twenty-four (24) or more months younger than Marshall Graves, being forty-five (45) years of age and the date of birth being June 22, 1965, and not the spouse of Marshall Graves, contrary to and in violation of Section 97-3-95(1)(d) of the Mississippi Code of 1972, as amended; against the peace and dignity of the State of Mississippi.

7

Graves's indictment was amended to rename counts three and four as two and three for trial purposes, after count two was *nolle prossed*. Additionally, the indictment was amended to add the following language to each count:

> That the defendant is a habitual offender under the provisions of Section 99-19-81 of the Mississippi Code of 1972, as amended, in that the defendant was convicted of Commercial Burglary in Cause No. 6199-1 of the Circuit Court of Lamar County, Mississippi, on December 14, 1988, and sentenced to serve a term of five (5) years in the custody of Mississippi Department of Corrections. That for a second offense he was convicted of two counts of Receiving Stolen Property in Cause No. 2007K-244H of the Circuit Court of Lamar County, Mississippi, on July 29, 2008, and sentenced to serve a term of five (5) years in the custody of the Mississippi Department of Corrections with two (2) months to serve and four (4) years and ten (10) months suspended on Post Release Supervision. The prior offenses were separately brought and arose out of separate incidents at different times and the Defendant was sentenced to separate terms of one year on each offense against the peace and dignity of the State of Mississippi.

¶12.   From the face of Graves's indictment, he was charged with two counts of fondling G.W., a child under the age of sixteen, and sexually battering G.W., a child under the age of fourteen, all occurring when he was forty-five years old. As such, Graves's indictment complied with Rule 7.06 of the Mississippi Uniform Rules of Circuit and County Court Practice, as each count tracks the language of the statutes. *See **Johnson v. State***, 475 So. 2d 1136, 1139 (Miss. 1985) (Indictments that track the language of the Mississippi Code are sufficient to provide notice of the crime charged). Therefore, the indictment provided a clear description of the charges from which Graves could prepare his defense. We find this issue is without merit.

*II. Ineffective Assistance of Counsel*

8

¶13.    Graves next argues that one of the trial counsel appointed to his case, Shirlee Baldwin, was ineffective. Graves makes no claim that Robert Whitacre, his original counsel and first chair, was ineffective. In *Wilcher v. State*, 863 So. 2d 776 (Miss. 2003), this Court recognized that ineffective assistance of counsel claims may be reviewed on direct appeal only if "(1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge." *Id.*761. In its response, the State stipulates that the record is adequately developed for this Court to resolve the issue.

¶14.    To prevail on a claim of ineffective assistance of counsel, Graves must show that his counsel's performance was defective and that the deficient performance prejudiced his defense. *Taylor v. State*, 167 So. 3d 1143, 1146 (Miss. 2015) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). Graves's ineffective-assistance argument is based on Baldwin being appointed, as second chair, the week prior to trial and, thus, not having sufficient time to prepare for his trial. "An allegation of ineffective assistance of counsel for failure to properly prepare must state whether any additional investigation, such as interviewing witnesses or investigating facts, would have significantly aided or altered the outcome of the defendant's case at trial." *Benson v. State*, 821 So. 2d 823, 827 (Miss. 2002) (citing *Brown v. State*, 798 So. 2d 481, 494, 496 (Miss. 2001); *Mohr v. State*, 584 So. 2d 426, 430 (Miss. 1991)). Graves fails to show any deficient performance by Baldwin. Graves claims that Baldwin wanted to keep a medical appointment,

9

which was scheduled for the second day of trial. However, Baldwin agreed to reschedule this appointment after Graves made it known that he wanted her to be present for trial. This issue is without merit.

### III. Evidence of Prior Bad Acts

¶15.    Graves argues that the trial court improperly admitted the video of G.W. being interviewed by Cheryl Caldwell, a counselor with the Child Advocacy Center. However, the transcript reveals that defense counsel offered the video into evidence to impeach G.W. with what defense counsel stated was a prior inconsistent statement.  During the interview, G.W. informed Caldwell that at some point in time Graves was on house arrest and had fought with his girlfriend.  "A defendant cannot complain on appeal of alleged errors invited or induced by himself." *Galloway v. State*, 122 So. 3d 614, 645 (Miss. 2013), (quoting *Caston v. State*, 823 So. 2d 473, 502 (Miss. 2002); *Singleton v. State*, 518 So. 2d 653, 655 (Miss. 1988)). Therefore, any alleged error cannot be attributed to the trial court.

¶16.    Additionally, Graves argues that he should have been allowed to play only portions of the video and not the entire video. However, this Court has held:

> If a party wishes to cross-examine a witness as to a prior out-of-court statement (usually made by the witness himself), he will not be permitted to pick out the part favorable to himself and leave it there. The opposing party is then permitted to offer the entire statement into evidence in order to give the jury a complete picture. *Davis v. State*, 230 Miss. 183, 92 So. 2d 359 (1957); *Sanders v. State*, 237 Miss. 772, 115 So. 2d 145 (1959). See, *Comment* to Rule 106: "Such a rule attempts to prevent misleading the jury by taking evidence out of context."

*Welch v. State*, 566 So. 2d 680, 689-90 (Miss. 1990). Therefore, this issue is without merit.

### IV. Testimony of G.W.'s Father

10

¶17. During its case-in-chief, the State called G.W.'s father to testify. Defense counsel objected because Mr. W. was not on the State's original witness list. The State informed both the trial judge and defense counsel that the witness list had been supplemented. Additionally, Mr. W's statement was included in the original discovery provided to defense counsel; therefore, defense counsel was on notice that Mr. W. could be called as a witness and to what his testimony would be if he were called. Defense counsel argued that he never received the supplemental witness list, even though one was filed with the trial court. The trial court allowed defense counsel additional time to prepare its cross-examination after Mr. W. testified on direct.

¶18. While we find no discovery violation occurred, this Court considers discovery violations to be harmless "unless it affirmatively appears from the entire record that the violation caused a miscarriage of justice." *Payton v. State*, 897 So. 2d 921, 942 (Miss. 2003). During cross-examination, it also was revealed that defense counsel and Mr. W. had spoken previously. Mr. W. did not offer testimony that inculpated Graves in the crimes charged. Moreover, Mr. W. testified that he did not speak with G.W. regarding the specifics of her allegations against Graves. As such, this issue is without merit.

*V. Tender-Years Exception*

¶19. Graves argues the trial court erred in admitting hearsay statements under the tender-years exception. However, the record reflects that defense counsel did not object to the State eliciting tender-years hearsay.

> MS. HARLIN: Our next witness is going to be [friend of G.W.].

11

THE COURT: The little girl?

MS. HARLIN: We're going to tender her. Her mother has to testify as well. They are both here. So if we think we're only going to get to one today, I ask that we they wait until tomorrow, so they don't have to –

MR. WHITACRE: She's going to miss school.

MS. HARLIN: Your Honor, both of those are going to be – we're seeking to elicit tender-years hearsay from them.

THE COURT: We need to boot everyone out.

MS. HARLIN: We would need to do a hearing outside the presence of the jury, for the mother and the child.

THE COURT: That will take few minutes.

MR. WHITACRE: That's only if I object.

MS. HARLIN: You don't object to the tender-years hearsay coming in?

MR. WHITACRE: No.

MS. HARLIN: As long as we have that on the record then.

¶20.    "This Court has consistently held that failure to make a contemporaneous objection constitutes waiver of an issue on appeal." *Redmond v. State*, 66 So. 3d 107, 110-11 (Miss. 2011) (Court held that Redmond was procedurally barred from arguing that the trial court erred in publishing victim's forensic interview to the jury after Redmond agreed that the jury could view the video.) (quoting *Derouen v. State*, 994 So. 2d 748, 751 (Miss. 2008)). Therefore, we find that Graves's arguments are procedurally barred.

*VI. Sufficiency of the Evidence*

¶21. Graves argues that the evidence presented at trial was not sufficient to support his fondling and sexual-battery convictions because G.W.'s testimony was inconsistent. When considering a sufficiency-of-the-evidence argument, this Court must consider "whether the evidence shows 'beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.'" ***Bush v. State***, 895 So. 2d 836, 843 (Miss. 2005) (quoting ***Carr v. State***, 208 So. 2d 886, 889 (Miss. 1968)). This Court must review the evidence in the light most favorable to the verdict. ***Kirk v. State***, 160 So. 3d 685, 695-96 (Miss. 2015). Additionally, it is well-established that a person may be found guilty based on nothing more than the uncorroborated testimony of a single witness. *See* ***Ferguson v. State***, 137 So. 3d 240, 244 (Miss. 2014); ***Brown v. State***, 42 So. 3d 540, 543 (Miss. 2010); ***Doby v. State***, 532 So. 2d 584, 591 (Miss. 1988).

¶22. G.W. testified in detail regarding the two times that Graves fondled and sexually assaulted her. Although Graves attempted to impeach G.W.'s testimony through her interview with Caldwell, G.W.'s testimony was not substantially contradicted. Additionally, the State offered the testimony of four other witnesses, G.W.'s mother, brother, friend, and friend's mother, who all corroborated G.W.'s testimony. Reviewing the evidence in the light most favorable to the jury's verdict, we conclude that the evidence presented at trial sufficiently supported a finding that Graves sexually assaulted and fondled G.W., and this issue is without merit.

***VII. and VIII. Weight of the Evidence***

¶23. Graves argues that his convictions should be reversed because the verdict was against the overwhelming weight of the evidence. Graves again argues that G.W. provided inconsistent testimony and that other various witnesses provided various versions of the events.

¶24. This Court will disturb a verdict only when "it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Bush*, 895 So. 2d at 844. "The evidence must be viewed in the light most favorable to the verdict, and the evidence must preponderate heavily against the verdict." *Brown v. State*, 152 So. 3d 1146, 1165 (Miss. 2014) (citing *Cotton v. State*, 144 So. 3d 137 (Miss. 2014)). For the reasons stated in the sufficiency-of-the-evidence analysis, we find that Graves's conviction was not an "unconscionable injustice," and this issue also is without merit.

### IX. and XI. Prosecutorial Misconduct

¶25. Graves alleges that he was denied a fair trial due to misconduct by the prosecutor. Graves argues that, during closing arguments, the district attorney made references to Graves being a "pedophile" and that he had the propensity to harm other children. Additionally, Graves argues that the district attorney referenced a specific jury instruction during closing arguments. However, defense counsel did not object to any statements made during closing arguments.

¶26. This Court repeatedly has held that failure to object contemporaneously at trial waives any claim of error on appeal. *Howell v. State*, 860 So. 2d 704, 756 (Miss. 2003) (Court held issue to be procedurally barred due to defendant's failure to object at trial.); *Williams v.*

14

*State*, 684 So. 2d 1179, 1203 (Miss. 1996) (A contemporaneous objection to the allegedly prejudicial remarks in a prosecutor's closing argument is required.); *Walker v. State*, 671 So. 2d 581, 597 (Miss. 1995) (Court has held "[i]f no contemporaneous objection is made, the error, if any, is waived."); *Lockett v. State*, 517 So. 2d 1317, 1333 (Miss. 1987) ("This Court on numerous occasions has refused to consider the issue of prosecutorial misconduct where the defendant did not raise it at trial and we so refuse to do so today."). Therefore, Graves waived the right to raise these instances of alleged prosecutorial misconduct on appeal. *See Gillett v. State*, 56 So. 3d 469, 520-21 (Miss. 2010).

### X. Severance of Indictment

¶27.    Graves argues that the trial court improperly denied his motion to sever count one from counts three and four in his indictment. Count one referenced a fondling that took place between July 23, 2010, and July 26, 2010, while counts three and four referenced a sexual battery and fondling that occurred between July 30, 2010, and August 1, 2010. Graves claims that his counsel was unable to defend him properly against these "indistinguishable charges."

¶28.    At the hearing on Graves's Motion to Sever, defense counsel argued that Graves was charged with two different acts during two different, two-day time periods. Defense counsel further argued that the indictment referenced six separate days, and it would be impossible to provide an alibi for six separate time periods.

¶29.    The State responded that, under Section 99-7-2, it was allowed to "charge and prosecute two or more acts or transactions that are connected together as part of a common scheme or common plan." *See* Miss. Code Ann. § 99-7-2 (Rev. 2015). The State further

alleged that "we have the same victim, the same witnesses, a time frame close in span to one another, and they're in the same manner and same types of acts that were committed." Additionally, the State argued that:

> [the Supreme Court has] held that when dealing with child sexual assault cases, it is appropriate to get within a 30-day window on a time and date frame in regards to an alibi, in date and time of allegations happening. We certainly tried to – and they encouraged the prosecution to alert with specificity where the allegations occurred, what the specific allegations were. And I think we've done a good job of placing Mr. Graves on notice as to what acts he's actually being charged with, because they are separate and distinct acts that are being alleged. As I said before and read into the record, we've specified within each count of the indictment the specific acts that are alleged, to place him on notice of what he's looking at. So we do believe that the three-day time window is within restraint set by the Supreme Court.

Defense counsel offered no rebuttal argument.

¶30. The trial court determined that the State had presented a *prima facie* case satisfying its duty to provide Graves with specific acts and dates. The trial court also found that the time span provided in the indictment was not so broad as to fail to put Graves on notice of the specific acts alleged. The trial court denied Graves's motion to sever.

¶31. This Court reviews a trial court's denial of a motion to sever multiple counts of an indictment for abuse of discretion. *Rushing v. State*, 911 So. 2d 526, 532 (Miss. 2005) (citing *Brawner v. State*, 872 So. 2d 1, 6-7 (Miss. 2004)). "In trials concerning multi-count indictments, severance is unnecessary in Mississippi if the acts or transactions are connected together as part of a common scheme or plan and if the indictment was otherwise proper." *Richardson v. State*, 74 So. 3d 317, 323 (Miss. 2011) (quoting *Rushing*, 911 So. 2d at 532). This Court finds that the trial court's denial of Graves's motion to sever was not an abuse of

discretion because the State presented a *prima facie* case that the crimes were part of a common scheme or plan. Graves made no showing that the crimes were separate and distinct transactions. Therefore, this issue is without merit.

### XII. Cumulative Error

¶32. Finally, Graves argues that the cumulative effect of the various errors alleged require his convictions to be reversed. "It is well settled that the cumulative effect of errors, which independently would not require reversal, may necessitate reversal in some cases. However, when no error is found as to any individual assignment, there are no errors to cumulate." ***Watkins v. State,*** 101 So. 3d 628, 637 (Miss. 2012). Because we find that none of Graves's assignments of error has merit, we further find that there are no errors to cumulate, and this assignment of error also is without merit.

### CONCLUSION

¶33. We find that Graves's appellate counsel's brief complies with the requirements of ***Lindsey***. After reviewing Graves's *pro se* brief and the record, we further find that there are no arguable issues that warrant supplemental briefing. Graves's assignments of error are without merit, and his convictions and sentences are affirmed.

¶34. **COUNT I: CONVICTION OF FONDLING AND SENTENCE OF FIFTEEN (15) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. COUNT II: CONVICTION OF FONDLING AND SENTENCE OF FIFTEEN (15) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. COUNT III: CONVICTION OF SEXUAL BATTERY AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. SENTENCES IN COUNTS I, II, AND III SHALL RUN CONCURRENTLY UNDER § 99-19-81, WITH CONDITIONS. APPELLANT SHALL PAY A FINE IN THE AMOUNT OF $2,500, PAY AN ASSESSMENT IN THE**

**AMOUNT OF $3,500 TO LAMAR COUNTY FOR THE PUBLIC DEFENDERS FUND, PAY ALL COURT COSTS, AND PAY $1,660 TO ADAPTS ELECTRONIC MONITORING. APPELLANT IS TO HAVE NO CONTACT WITH THE VICTIM OR HER FAMILY, AND SHOULD THE APPELLANT BE RELEASED HE IS REQUIRED TO REGISTER AS A SEX OFFENDER. APPELLANT SHALL BE GIVEN CREDIT FOR TIME SERVED IN THE COUNTY JAIL, IF APPLICABLE, AS ALLOWED BY LAW.**

**WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**