SOUTHWICK, P.J.,
for the Court.
¶ 1. Ronnie Shane Palmer was found guilty of capital murder by a circuit court jury. He appeals arguing that the convic *1011 tion was against the overwhelming weight of the evidence, there was error in the testimony of an expert witness, photographs were improperly admitted, and there was error in sentencing instructions. We disagree with all these contentions and affirm.
¶ 2. Nicole Palmer was the forty-one-day-old infant daughter of Deborah and Ronnie Palmer. Deborah Palmer was attending an orientation for a new job. Ronnie Palmer was left to care for Nicole. Mrs. Palmer left their apartment at around 7:00 a.m. and returned home between 12:30 and 1:00 that afternoon. Later that day, she discovered Nicole was not breathing. Nicole was taken to the hospital where she was pronounced dead.
¶ 3. Ronnie Palmer stated that while he was giving his daughter a bath, he dropped her and she struck her head on the side of the tub. He stated that he did not think there was anything wrong with her after this happened. He also stated that he slapped the back of her head as he was trying to stop her crying and make her go to sleep.
¶ 4. At trial, Dr. Paul McGarry testified. He is a forensic pathologist who performed an autopsy on Nicole the day after she died. He determined that her death was caused by a massive recent head injury. He testified that her injury was caused by a very hard slamming of her head against a hard surface. He further stated that this injury could not be caused by Palmer dropping her or slapping her head. The jury found him guilty but could not agree on sentencing. Palmer was sentenced to life without parole by the trial judge. From this, he appeals.
DISCUSSION

1. Expert testimony of Dr. .McGarry

¶ 5. During discovery, Palmer was given the autopsy protocol that Dr. McGarry prepared. Dr. McGarry testified that Nicole’s injury could not have been caused by Palmer’s dropping her. He also testified that Nicole’s head was slammed against a hard object and that the bruises on her face and forehead were caused by fingertips grasping the front of the head and forcing it against another surface. We will discuss the different objections to this testimony that are made on appeal.

A. Discovery

¶ 6. Palmer argues that at trial there was a failure to follow a uniform court rule structuring the procedures for resolving discovery violations. The rule requires that before évidence may be admitted that was not properly disclosed before trial, the objecting party will have an opportunity to examine the evidence. If the party continues to object after the examination, certain other procedures are to be followed. URCCC 9.04. Palmer did not object on the basis of a discovery violation during Dr. McGarry’s testimony. Objections on the grounds asserted on appeal must be made during trial or else the issue is waived. Holland v. State, 587 So.2d 848, 868 (Miss.1991).
¶ 7. There was no error due to discovery procedures in the admission of this testimony.

B. McGarry’s scope of expertise

¶ 8. Palmer argues that Dr. McGarry’s testimony contained statements that were beyond his field of expertise. Specifically, Palmer argues that it was impossible for the doctor to know what caused Nicole’s injuries. Dr. McGarry allegedly did not have the expertise to exclude the possibility that the child had accidentally been dropped. However, a forensic pathologist may give testimony concerning the cause of an injury. Mitch *1012 ell v. State, 792 So.2d 192, 215 (Miss.2001). Dr. McGarry testified that the injuries to Nicole were caused because her head was slammed against a hard object. There was physical and photographic evidence presented at trial supporting this opinion. There was no error in allowing Dr. McGar-ry to testify as to how the injuries occurred.

C. Prosecutor’s statements in closing argument

 ¶ 9. During his closing argument, the prosecutor stated:
And let me tell you something. Dr. McGarry was right. Dr. McGarry is an expert in forensic pathology. Dr. McGarry knows exactly what happened to that child from his investigation. That child was taken by the face and slammed down on something very hard.
While a prosecutor is prohibited from stating his personal opinion as to the veracity of a witness, objections must be made so that the trial judge may take corrective action. Foster v. State, 639 So.2d 1263, 1288-89 (Miss.1994). Palmer made no objection to this statement.

2. Photographs

¶ 10. Palmer next argues that the photographs offered during Dr. McGarry’s testimony should not have been admitted into evidence because of gruesomeness and lack of probative value. Palmer objected at trial and his objection was overruled because the judge determined that the photographs would assist Dr. McGarry in describing Nicole’s injuries.
 ¶ 11. The admissibility of photographs is within the discretion of the trial judge. Drake v. State, 800 So.2d 508, 516 (Miss.2001). There is broad discretion for admissibility even if the evidence is gruesome. Id. The injuries Nicole suffered were key to this case. The autopsy photographs were used by Dr. McGarry to describe the injuries to the jury. The photographs were relevant and not unduly gruesome. There was no abuse of discretion to allow the photographs.
¶ 12. Palmer also complains that during his cross examination, the prosecutor held up one of the photographs and asked him three times, “Is this your idea of giving your baby a Father’s Day present?” Palmer objected to this line of questioning and moved for a mistrial. The judge sustained the objection and denied the motion for a mistrial. Palmer argues that this use of the photograph inflamed the jury. The photograph, though, had already been admitted into evidence and was reviewable by jurors during the trial and later during deliberations. The prosecutor’s attempt to be dramatic certainly emphasized the photograph, but there was no new prejudice injected into the case that went beyond the relevance of the photograph to fact issues for the jurors’ decision.

S. Aggravating circumstances and jury instructions

¶ 13. Palmer next argues that if we grant him a new trial, he should not stand the risk of the death penalty after receiving a life sentence following his first trial. He argues that the prosecutor stated the law incorrectly as to relevant aggravating circumstances for the jury’s consideration. He also argues that the jury should not have been told to consider if the capital offense was “especially heinous, atrocious, or cruel.”
¶ 14. This issue would arise only if Palmer were to have his conviction reversed. Since we are affirming, what might happen during sentencing after a second trial is academic.
*1013 A Weight of the evidence
¶ 15. Palmer argues that the verdict was contrary to the overwhelming weight of the evidence. He argues that he gave a plausible explanation of Nicole’s injuries, that Dr. McGarry’s testimony was pure speculation, and that no reasonable juror could believe that he caused the injury.
¶ 16. The jury heard Palmer’s version of events and decided instead that the State’s account of Nicole’s death was correct. The State’s evidence of child abuse consisted of the fact that Palmer was alone with Nicole, he admitted dropping and slapping her, and during this time she was injured and died from the injuries. Dr. McGarry testified as to what would have been necessary to cause such injuries, directly contradicting Palmer’s version. The jury decides the credibility of witnesses. Kolberg v. State, 829 So.2d 29, 71 (Miss.2002). A verdict of guilty will be upheld unless it was the result of prejudice, bias or fraud, or is against the weight of the evidence. Id. at 40. There were no such infirmities. We affirm.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY OF CONVICTION OF CAPITAL MURDER AND SENTENCE OF LIFE WITHOUT THE POSSIBILITY OF PAROLE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.