FAIR, J.,
for the Court:
¶ 1. Darnell Winn was convicted of aggravated assault in the attempted shooting of Robert Johnson, his stepbrother. Winn’s argument on appeal is essentially that because the bullet did not hit Johnson, there is insufficient evidence he intended it to. We do not find this argument persuasive and conclude a rational trier of fact could have found that Winn simply missed.
FACTS
¶ 2. Winn and Johnson had known each other for nearly all their lives. Their relationship soured while they were in college, after their girlfriends began feuding over a television they had once shared as roommates. On April 2, 2010, Good Friday, Johnson and Winn found themselves together at a convenience store in their hometown of Hollandale. Both girlfriends were present, as were numerous other *291 people they knew. Winn approached Johnson and they began arguing about what one had previously said about the other. A fight ensued that could only be described as mutually joined.
¶ 8. According to the State’s witnesses, Johnson eventually got the upper hand and decisively knocked Winn down in a way that evoked laughter from the spectators. Winn then made a threatening remark about his “iron” and stated “it’s not over.” After being pulled back into his girlfriend’s car, Winn came out with a pistol. He fired a single shot into Johnson’s vehicle as it was leaving the parking lot. The shot did not hit anyone, but it shattered the front passenger’s side window. Each of the passengers in the vehicle with Johnson claimed to have seen Winn fire the shot.
¶ 4. Winn testified in his own defense, denying he lost the fight. He claimed he was being restrained by a friend when the shot was fired and did not see where it came from. At the time, he believed it was Johnson who had shot at him. Winn’s denial was corroborated by several witnesses, who acknowledged a shot was fired, but not by Winn. None could say where the shot came from, however.
¶ 5. The jury convicted Winn of aggravated assault, and he was sentenced to eight years, with three to serve. He appeals contending the verdict was unsupported by sufficient evidence or, in the alternative, was against the overwhelming weight of the evidence.
DISCUSSION
1. Sufficiency of the Evidence
¶ 6. Winn’s first contention is that the State failed prove he attempted to shoot Johnson because the bullet struck the front passenger’s side door of Johnson’s vehicle, while Johnson was sitting in the back seat on the driver’s side.
¶ 7. One is guilty of aggravated assault under Mississippi Code Annotated section 97-3-7(2)(a) (Supp.2012) if he “attempts to cause ... bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm.... ” The indictment tracks the language of the statute and specifically identifies Johnson as Winn’s intended victim.
¶ 8. The inquiry as to sufficiency is whether the evidence shows “beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.” Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (quotation omitted). “[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Id. (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).
¶ 9. “[Ijntent, being a state of mind, is rarely susceptible of direct proof.” Jones v. State, 920 So.2d 465, 472 (¶ 17) (Miss.2006). Instead, it “ordinarily must be inferred from the acts and conduct of the party and the facts and circumstances attending them.” Wales v. State, 73 So.3d 1113, 1121 (¶ 22) (Miss.2011).
¶ 10. According to the State’s evidence, Winn had lost a fight with Johnson and was bloodied and humiliated. Immediately before the shooting, Winn threatened Johnson, and he had no apparent motive to shoot the person sitting in the front passenger’s seat. Moreover, Johnson’s vehicle was described by some witnesses as being in motion and turning when the shot was fired. The jury could have rationally concluded Winn’s aim was *292 affected by his injuries and emotions and that he simply missed when he tried to shoot Johnson. The jury could also have found that the orientation of the vehicle was such that Winn believed he could hit Johnson by firing through the vehicle diagonally.
¶ 11. The fact that competing inferences could be drawn from the surrounding facts is of no concern when the issue is sufficiency of the evidence; any conflict is for the jury to resolve. Goff v. State, 14 So.3d 625, 650 (¶ 97) (Miss.2009). The jury, like any finder of fact, is entitled not only to judge credibility and weigh evidence; it is entrusted to interpret evidence that is “capable of more than one reasonable interpretation.” See Trim, v. Trim, 38 So.3d 471, 479 (1120) (Miss.2010).
¶ 12. There is sufficient evidence to support Winn’s conviction.
2. Weight of the Evidence
¶ 13. Winn’s final contention is that the verdict was against the overwhelming weight of the evidence. A new trial based on the weight of the evidence should be granted “only in exceptional cases in which the evidence preponderates heavily against the verdict.” Bush, 895 So.2d at 844 (¶ 18) (citation omitted). The motion for a new trial is entrusted to the circuit judge, who had a first-hand view of the trial. “[R]eversal is warranted only if the trial court abused its discretion in denying [the] motion for new trial.” Ivy v. State, 949 So.2d 748, 753 (¶ 21) (Miss.2007).
¶ 14. Winn acknowledges that numerous witnesses testified he fired the shot, but he points out that no shell casing was recovered, no gun was found,[1] and several other witnesses denied that he fired the shot. He also notes that the witnesses testifying against him might have been biased toward Johnson’s side, while he claims his witnesses were shown to be more neutral. Johnson essentially asks this Court to reweigh the credibility of witness testimony on appeal, which we cannot do. Conflicts in witness testimony are for the jury to resolve; it is the sole judge of credibility. Nix v. State, 8 So.3d 141, 146 (¶ 26) (Miss.2009).
¶ 15. The verdict is not against the overwhelming weight of the evidence. This issue is without merit.
¶ 16. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS SUSPENDED, AND FIVE YEARS OF SUPERVISED PROBATION, AND TO PAY A $4,000 FINE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.

. Winn left the scene after the shooting and could easily have taken these things with him.