JAMES, J.,
for the Court:
¶ 1. Michael Dewayne Terry was indicted for burglary of a dwelling. A jury trial was held, resulting in a guilty verdict. Terry was sentenced to five years in the custody of the Mississippi Department of Corrections, with three years suspended. On appeal, Terry asserts that the trial court erred in denying his motion for a directed verdict and his post-trial motion for a judgment notwithstanding the verdict. Finding that there is material evidence to support the guilty verdict, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Lenester Harris’s apartment was burglarized in the early morning hours of March 15, 2010, while Harris was at work. The apartment was located at the Academy apartments in Tunica, Mississippi. Hams told investigators that the items stolen included: CDs, DVDs, three DVD players, a Direct TV access card, a class ring, a Play Station 2, a CD player, two cell phones, dog food, soap, and Hot Pockets. Investigator Rico Harris of the Tuni-ca County Sheriffs Department led the investigation. During the course of the investigation, Terry, Ernest Bowman, Michael Jamison, and Kendale Dorsey became persons of interest. As a result, investigators executed a search warrant at the home of Pamela Bass, where Jamison and Bowman resided. The search resulted in the recovery of several items taken from the Harris home. A Tunica County grand jury indicted Terry, Bowman, Jamison, and Dorsey for burglary of a dwelling pursuant to Mississippi Code Annotated section 97-17-23 (Rev.2006). The case against Dorsey was remanded to youth court. Jamison and Bowman entered guilty pleas.
¶ 3. Terry’s trial was held on July 2-3, 2012, in Tunica County Circuit Court. During the State’s case, the jury heard testimony from the following witnesses: Deputy Louise Linzy, Investigator Rico Harris, Lenester Harris, Dorsey, and Bowman.
¶ 4. During Lenester Harris’s testimony, she identified items recovered from the Bass home as items taken from her home. She further testified that she was familiar with Terry from around the apartment *948 complex and stated that Terry was romantically involved with her daughter.
¶ 5. Both Dorsey and Bowman testified for the prosecution. Dorsey testified that he, Terry, Jamison, and Bowman were at the Academy apartments on the night of March 14, 2010. Dorsey stated that Terry removed the screen from an apartment window and lifted the window sash, allowing Dorsey to climb in and open the door for the others. Upon entering the apartment, the group stole various items. However, Dorsey was unable to state which apartment they burglarized.
¶ 6. Likewise, Bowman testified that he, Jamison, Dorsey, and several others were at the Academy apartments on March 14, 2010, when they were approached by Terry, who said that he “knew of a little ‘stang’ they could get into.”[1] Like Dorsey, Bowman testified that Terry opened the window and that Dorsey climbed inside in order to open the door for the others. Bowman was able to describe in detail the items that they took from the apartment, which was consistent with Harris’s testimony. Bowman also testified that Terry told him that he (Terry) dated the owner of the apartment’s daughter.
¶ 7. At the close of the State’s case, the defense moved for a directed verdict claiming that the evidence was legally insufficient to support a conviction for burglary. The judge denied the motion and the defense rested without presenting any evidence. The jury found Terry guilty of burglary of a dwelling. Terry then filed a motion for a judgment notwithstanding the verdict, or in the alternative, a motion for a new trial, which the trial court denied. Terry was sentenced to five years in the custody of the Mississippi Department of Corrections, with three years suspended. Terry now appeals.
DISCUSSION
¶ 8. Terry raises one issue on appeal: whether the trial court erred in denying his motion for a directed verdict and his post-trial motion for a judgment notwithstanding the verdict based on the sufficiency of the evidence.
¶ 9. A motion for a judgment notwithstanding the verdict implicates the legal sufficiency of the evidence. Arbuckle v. State, 894 So.2d 619, 622 (¶ 16) (Miss.Ct.App.2004) (citing Bullins v. State, 868 So.2d 1045, 1048 (¶ 12) (Miss.Ct.App.2004)). The Mississippi Supreme Court has held that “[wjhen reviewing a case for the sufficiency of the evidence, ‘the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.’ ” Parker v. State, 962 So.2d 25, 26 (¶ 8) (Miss.2007) (quoting Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005)). Additionally, “the evidence must show ‘beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.’” Id. The evidence will be deemed to have been sufficient if, keeping in mind the reasonable-doubt standard, “reasonable and fair-minded [jurors] in the exercise of impartial judgment might reach different conclusions on every element of the offense.” Id.
¶ 10. Mississippi Code Annotated section 97-17-23 provides the elements of the crime of burglary of a dwelling:
Every person who shall be convicted of breaking and entering the dwelling *949 house or inner door of such dwelling house of another, whether armed with a deadly weapon or not, and whether there shall be at the time some human being in such dwelling house or not, with intent to commit some crime therein, shall be punished by imprisonment in the Penitentiary not less than three (3) years nor more than twenty-five (25) years.
Thus, the elements of burglary are: “(1) the unlawful breaking and entering; and (2) the intent to commit some crime when entry is attained.” Parker, 962 So.2d at 27 (¶ 9).
¶ 11. Terry argues that although Dorsey and Bowman both testified that Terry participated in the burglary with them, neither their testimony nor the evidence established where the burglary occurred; therefore, the evidence was insufficient to establish that he participated in the burglary of the particular residence described in the indictment. We have held that it is “within the jury’s province to draw reasonable inferences from the evidence based on then’ experience and common sense.” Arbuckle, 894 So.2d at 623-24 (¶ 21) (citing Hester v. State, 463 So.2d 1087, 1093 (Miss.1985)). Therefore, we find that it was reasonable for the jury to infer that the apartment that Terry and the others burglarized was, in fact, Harris’s apartment, which was the dwelling identified in the indictment.
¶ 12. Harris identified several items recovered from the Bass home as items belonging to her. Bowman identified the same items as the items that he and the others, including Terry, took from the apartment. Bowman testified that Terry approached the others and said he knew of “a little stang they could get into,” thus indicating Terry’s intent to steal. Bowman and Dorsey both testified that Terry opened the window allowing Dorsey to climb inside the apartment and open the door for the others, after which Terry and the others entered the apartment looking for items to steal. Finally, Bowman testified that Terry told him that he dated the apartment owner’s daughter. This was supported by Harris’s testimony that Terry was romantically involved with her daughter.
¶ 13. Thus, we find the evidence to be of such weight and sufficiency as to support the jury’s verdict finding Terry guilty of burglary of a dwelling. Accordingly, we find no error and affirm.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THREE YEARS SUSPENDED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TUNICA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.

. According to Bowman, "stang” means "to steal something.”