# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-02012-COA

RODNEY WAYNE MITCHELL A/K/A RODNEY
MITCHELL

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/15/2013 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ERIN E. PRIDGEN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | ANTHONY J. BUCKLEY |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF FELONY SHOPLIFTING AND SENTENCED TO TEN YEARS, WITH TWO YEARS SUSPENDED AND EIGHT YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED - 03/17/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND FAIR, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.     In 2013, Rodney Wayne Mitchell was convicted in the Jones County Circuit Court of felony shoplifting. He was sentenced to ten years, with two years suspended and eight years to serve in the custody of the Mississippi Department of Corrections (MDOC). Aggrieved, Mitchell now appeals, claiming the evidence was insufficient to prove that the value of the

goods stolen met the minimum monetary requirement for felony shoplifting. Finding no error, we affirm.

## STATEMENT OF FACTS

¶2.    On March 5, 2013, Officer Malcolm Bounds, with the Laurel Police Department, observed Mitchell in a vehicle with Christy Yanacek. Officer Bounds was aware of an arrest warrant on Yanacek and pulled over Mitchell's vehicle. Upon doing so, Officer Bounds discovered numerous items in the trunk of Mitchell's vehicle hidden underneath a blanket. Officer Bounds questioned Mitchell regarding the items, but Mitchell was unable to provide a receipt or an explanation for his possession of the goods.

¶3.    Concerned with the legality of Mitchell's acquisition of the goods, Officer Bounds contacted Rham Patrick Singh, the asset-protection manager for the local Wal-Mart. After some investigation, Singh confirmed that the goods had been stolen from the store. Singh also identified Mitchell as the thief after observing him on the store's video-surveillance tapes taking most of the items and leaving the store without paying for them.

¶4.    Shortly thereafter, Mitchell was charged with felony shoplifting. At the trial on the matter, Singh testified regarding the contents of the surveillance tapes. Several of the clips from the surveillance tapes were also shown to the jury. Singh stated that the first video record of Mitchell from the day in question showed Mitchell in the store with many items in his shopping cart – all of which Officer Bounds later recovered in Mitchell's vehicle. Singh testified that the tapes then recorded Mitchell placing numerous other items, which were also later recovered, into his shopping cart, exiting the store without paying for them, putting the items in his vehicle, and driving away.

2

¶5. After a short deliberation, the jury returned a guilty verdict. Mitchell was sentenced to ten years in the MDOC's custody. The circuit judge suspended two years of the sentence and ordered that the remaining eight years be served. Aggrieved, Mitchell now appeals, claiming that the evidence was insufficient to prove that the amount of goods stolen equaled $500 or more, as required by the felony-shoplifting statute. As such, Mitchell argues that the jury should have found him guilty of misdemeanor shoplifting instead of felony shoplifting.

**DISCUSSION**

¶6. Our standard of review relating to the legal sufficiency of evidence is well settled:

> In reviewing whether the evidence supporting a jury verdict is legally sufficient, this Court does not determine whether from the evidence we would have voted to convict or acquit. Rather, we view the evidence in the light most favorable to the prosecution and determine whether a rational juror could have concluded beyond a reasonable doubt that all elements of the crime were satisfied.

*Readus v. State*, 997 So. 2d 941, 944 (¶13) (Miss. Ct. App. 2008) (internal citations omitted). "We are authorized to reverse only where . . . the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty." *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993) (citations omitted).

¶7. Here, Mitchell asserts that the State failed to meet the monetary requirements necessary for a conviction of felony shoplifting as provided for in Mississippi Code Annotated section 97-23-93(7) (Rev. 2006). Section 97-23-93(7) states: "A person convicted of shoplifting merchandise for which the merchant's stated price exceeds Five Hundred Dollars ($500.00) shall be guilty of a felony . . . ." At trial, Singh testified that the store's surveillance tapes showed Mitchell placing $413.44 worth of items into his shopping cart –

3

$86.56 short of the $500 requirement. As such, Mitchell insists that the State's evidence was only sufficient to support a guilty verdict for misdemeanor shoplifting, which requires proof of shoplifting less than $500 worth of items.

¶8. Nonetheless, at trial, Singh stated that he could identify numerous items that were already in Mitchell's shopping cart and with which Mitchell exited the store without paying. These items were also later discovered by Officer Bounds in Mitchell's vehicle. With respect to items that the tapes did not show being actively taken but that were present in Mitchell's shopping cart, Singh testified as follows:

Singh:      It's hard to see. I can point out certain items that I do recognize.

Defense:    Okay. Mr. Singh, I'm interested in these items.

. . . .

Singh:      Right here. This red in the top part of the buggy is the (Verizon LG) cell phone. Right here is the car stereo kit and here are the margarita mixes right here at the top as well.

The cell phone, car stereo kit, and margarita mixes, identified by Singh as having already been placed in the shopping cart by Mitchell, total $106.39. This would bring the total of the identified items from the surveillance tapes to $519.83. Other items were also in Mitchell's shopping cart when he left the store without paying. Those items were placed in Mitchell's vehicle and later recovered by Officer Bounds. However, the surveillance tapes were not clear enough for Singh to specifically identify them.

¶9. Regardless, we have long held that it is "within the jury's province to draw reasonable inferences from the evidence based on their experience and common sense." *Terry v. State*, 126 So. 3d 946, 949 (¶11) (Miss. Ct. App. 2013) (citation omitted). Likewise, we may only

4

reverse "if the facts *and inferences* so considered point in favor of the defendant on any element of the offense with sufficient force that reasonable [jurors] could not have found beyond a reasonable doubt that the defendant was guilty." *Edwards v. State*, 469 So. 2d 68, 70 (Miss. 1985) (emphasis added).

¶10.    We cannot find that the facts and inferences provided to the jury were insufficient to support a finding of guilt for felony shoplifting. Despite the lack of surveillance tapes showing Mitchell actually taking the remaining $86.56 worth of items, the jury had more than enough evidence before it to infer that the other items Singh identified, which were in the shopping cart and later recovered from Mitchell's vehicle by Officer Bounds, had also been feloniously shoplifted by Mitchell. Accordingly, this issue is without merit.

¶11.    **THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT OF CONVICTION OF FELONY SHOPLIFTING AND SENTENCE OF TEN YEARS, WITH TWO YEARS SUSPENDED AND EIGHT YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.**

    **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**