# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-CT-00305-SCT

*MICHAEL DEON TAYLOR a/k/a MICHAEL D. TAYLOR a/k/a MICHAEL TAYLOR*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 09/21/2012 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN, III |
| TRIAL COURT ATTORNEYS: | THOMAS R. MAYFIELD |
| | GEORGE MCDOWELL YODER, III |
| | CATOUCHE BODY |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAMON RAMON STEVENSON |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: STEPHANIE BRELAND WOOD |
| DISTRICT ATTORNEY: | MICHAEL GUEST |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED-07/02/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC**.

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1.    Michael Deon Taylor was convicted in 2012 of possessing stolen property. He was sentenced as a habitual offender to ten years in prison. Taylor testified in his own defense at trial. During cross-examination, the State questioned Taylor extensively about his numerous past felony convictions without objection from defense counsel. We find that defense counsel's failure to object to the expansive inquiry into Taylor's prior convictions constituted

ineffective assistance of counsel apparent from the record before us on direct appeal. We reverse Taylor's conviction and remand for a new trial.

## FACTS AND PROCEEDINGS BELOW

¶2.    Alex Walker, the owner of a tree service, called for a service technician to repair an inoperable skid steer. The serial number reported back to the office by the technician revealed that the skid steer was listed as stolen. The sheriff's department went to the location of the skid steer and questioned Walker, who initially stated that he had purchased the skid steer from a white man with a jack-o-lantern tattoo. Meanwhile, photographs of an identical skid steer had been found on Michael Deon Taylor's phone while he was under arrest for an unrelated crime. When Walker was shown a photograph of Taylor the day after Walker was initially questioned by the authorities, he changed his story to say that he purchased the skid steer from Taylor in exchange for a combination of cash and two vehicles. Photographs of those two vehicles were also found on Taylor's phone.

¶3.    Taylor was tried and convicted of possessing stolen property. Prior to trial, Taylor's defense attorney filed a Motion in Limine requesting:

> That all evidence regarding his past criminal history be excluded. The probative value of this information is greatly outweighed by the prejudice it would have on the defendant.

> The State and its witnesses should not be allowed to in anyway solicit, induce, entice or make know[n] to the jury any evidence concerning "his past criminal history."

The judge delayed a ruling on the motion until the point in the trial when Taylor made his final decision to testify in his own defense. Immediately prior to Taylor's testimony, Taylor's

2

attorney withdrew his previous motion regarding introduction of Taylor's prior felony convictions. A bench conference was held prior to the start of Taylor's testimony:

[DEFENSE]: I was going to admit that he's a convicted felon.

STATE: He's got at least three. I was going to –

THE COURT: Are we at the point now? You're moving past your motion.

[DEFENSE]: I understand. When I put him on the stand, I made it there.

THE COURT: He is withdrawing his motion.

STATE: Okay. That's cool.

The defense proceeded with direct examination of Taylor, in which Taylor volunteered information of one past felony:

. . .

[DEFENSE]: Why are you in Madison County's custody?

A. Because I violated my probation.

Q. Why were you on probation?

A. A cocaine charge. I had a sale of cocaine.

Q. All right. Let's back up to this skid steer.

. . .

The State opened its cross-examination with the following line of questioning:

Q. What felony crimes have you been convicted of?

A. Well, I have a – do you want the year, too?

Q. I've got the year. I just want to see if you remember.

A. I have a house burglary, which was in – a house burglary and the alteration of motor vehicle I.D., which is I changed numbers on a car before in '93. I have a convicted felon with a firearm.

Q. What year was that?

A. The convicted felon with a firearm was – I think I caught it like in 2000 maybe or 2001, but I got convicted of it in 2004 maybe or something like that.

Q. What else?

A. I have a grand larceny.

Q. Where was that from?

A. Covington.

Q. Go ahead. What else?

A. I have two cocaines. Those were my last convictions, was I had two drug charges.

Q. Okay. So let me make sure I've got them all here. You were convicted of you said auto theft?

A. Yes. No changing numbers on an auto – changing VIN numbers. Let me put it like that.

Q. Still a felony?

A. Yes, sir.

Q. Then you were convicted of a felon in possession of a firearm?

A. Yes, I was.

Q. You were convicted of possession of a stolen firearm in Madison County, Mississippi, were you not?

A.   That's the same charge.

Q.   That you were convicted of sale of cocaine?

A.   Yes.

Q.   Where was that?

A.   Here.

Q.   And you were convicted of possession of cocaine?

A.   Yes.

Q.   Where was that?

A.   That was here.

Q.   How many times is that? Twice?

A.   Yeah. I understand what you're saying. It was like under one sentence, though.

Q.   Okay. So we've got six felonies so far?

A.   Yes.

Q.   Then you got a burglary conviction in Covington County in January 2012?

A.   No, it was grand larceny.

Q.   Well, let's see what it was. Okay? I'll specifically ask you, Mr. Taylor, if on – Well, may I hand him this document to refresh his memory?

THE COURT:     Certainly

STATE:     Look at that and read particularly this up here with your name up here. Tell the jury what you were convicted of in January of 2012 in Covington County, Mississippi?

A.   It was a burglary of an automobile.

5

Q.   So how many felonies is that, seven or eight?

A.   No, it's either six or seven. Some of them I got at one time. It was like two I got at one time.

Q.   Mr. Taylor, when did you have time to do much of anything else?

¶4.   At no point did Taylor's attorney raise an objection to this line of questioning. Taylor was convicted and sentenced to ten years as a habitual offender. The Court of Appeals affirmed the merits of Taylor's conviction and sentence while leaving the question of ineffective assistance of counsel without prejudice for a post-conviction-relief claim.[1] We granted certiorari review to address Taylor's claim of ineffective assistance of counsel.

**DISCUSSION**

¶5.   Whether a defendant has received ineffective assistance of counsel is a question of law reviewed *de novo* under two prongs: "[f]irst, the defendant must show that counsel's performance was deficient . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). While post-conviction proceedings are often the most appropriate forum for review of ineffective assistance of counsel, we "may nevertheless reach the merits of the ineffectiveness issue where . . . the record affirmatively shows ineffectiveness of constitutional dimensions . . . ." *Read v. State*, 430 So. 2d 832, 841 (Miss. 1983).

---

[1]*Michael Deon Taylor v. State*, No. 2013-DA-00305-COA, 2014 WL 3586254 (Miss. Ct. App. July 22, 2014), *reh'g denied* (Nov. 4, 2014), *cert. granted* (Feb. 3, 2015). Judge Irving dissented, joined by Chief Judge Lee and Judges Ishee and James, in part.

6

¶6. Mississippi Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith . . . ." Mississippi Rule of Evidence 609(a)(1)(B) provides that

> [f]or the purpose of attacking the character of truthfulness of a witness, evidence that a party has been convicted of [a crime punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect to the party . . . .

The comment to the rule provides that "convictions offered under 609(a)(1) to impeach a party must be analyzed under the guidelines set forth in *Peterson v. State*, 518 So. 2d 632 (Miss. 1987) to determine if the probative value is great enough to overcome the presumed prejudicial effect to the party. And findings should be made on the record by the judge." M.R.E. 609 cmt.

¶7. We find that Taylor's right to a fair trial was compromised by defense counsel's withdrawal of the Motion in Limine regarding Taylor's criminal history and by failure to object to the State's extensive cross-examination regarding Taylor's prior convictions. When evaluating whether counsel's performance was deficient, trial counsel "is entitled to the presumption that his actions fell within the ambit of sound trial strategy, [but] that presumption is not absolute." *Herrington v. State*, 102 So. 3d 1241, 1246 (Miss. Ct. App. 2012). In a criminal trial on the lone charge of possession of stolen property, where the State's prime witness previously had changed his story to police about which individual he purchased the stolen property from, we cannot conceive a trial strategy that would justify failure to object to the introduction and detailed description of the defendant's seven or eight

7

previous felony convictions. The State's extensive cross-examination regarding Taylor's numerous past felony convictions was clearly more prejudicial than probative in a case that largely turned on the respective credibility of Taylor and the State's main witness.

¶8.     A defendant's choice to testify in his or her own defense does not eliminate the protection of Mississippi Rule of Evidence 404(b). Neither does a defendant's willingness to stipulate to felon status to satisfy impeachment under Rule 609(a)(1)(B). To the contrary, the strategic goal of such stipulation is to curtail the prejudice that might arise if a more detailed and expansive record of prior bad acts is allowed in. *See **Herrington v. State***, 102 So. 3d 1241 (Miss. Ct. App. 2012). We agree with Judge Irving's dissent in the Court of Appeals opinion that " it appears that Taylor's counsel thought that by placing Taylor on the stand, the prosecution was entitled to inquire, without any limitation, into the details of all of the prior convictions that Taylor had." This erroneous assumption had a highly prejudicial effect on Taylor's defense. We also note the lack of a judicial finding in the record that the impeachment evidence under Rule 609 was more probative than prejudicial.

## CONCLUSION

¶9.     We hold that Taylor was denied his constitutionally guaranteed right to effective assistance of counsel due to his attorney's failure to object to the introduction of Taylor's numerous past felony convictions on cross-examination. The prejudicial effect of these admissions clearly outweighed any probative value in allowing them. We reverse the judgment of the Court of Appeals, and reverse Taylor's conviction in the Circuit Court of Madison County and remand for a new trial.

¶10.   **REVERSED AND REMANDED.**

**WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, PIERCE, KING AND COLEMAN, JJ., CONCUR. RANDOLPH, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**